# ORIGINAL

FILED IN CLERK'S OFFICE

SEP 1 6 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MATTHEW R. HOWARD,<br>Plaintiff | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO.: |
| vs. | )<br>) **1 09-cv-2544**<br>) |
| ASSET ACCEPTANCE LLC,<br>Defendant | ) **JURY TRIAL**<br>) **DEMANDED**<br>) |

**TWT**

### COMPLAINT

Plaintiff Matthew R. Howard, by and through counsel, brings this action against Defendant Asset Acceptance LLC on the grounds and in the amounts set forth herein.

### I. PRELIMINARY STATEMENT

1. This action arises out of the facts and circumstances surrounding the collection of a disputed consumer debt.

2. Plaintiff, an individual consumer institutes this action for actual damages, statutory damages, attorneys fees, and the costs of this action against the Defendant for violations of the Fair Debt Collection Practices Act (hereinafter FDCPA) 15 U.S.C. § 1692 *et seq.*

## II.  PARTIES

3.   Plaintiff Matthew R. Howard is a natural person and a "consumer" as
     defined by the FDCPA, 15 U.S.C. § 1692a(3).

4.   Defendant Asset Acceptance LLC (hereinafter "Asset Acceptance") is a
     Limited Liability Company in the business of collecting debts in the state of
     Georgia.

5.   Defendant Asset Acceptance may be served with the Summons and
     Complaint via their Registered Agent: The Corporation Company, 30600
     Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.

6.   Defendant Asset Acceptance is engaged in the business of collecting debts in
     the state of Georgia.

7.   Defendant Asset Acceptance is engaged in the collection of debts from
     consumers using the mail and telephone.

8.   Defendant Asset Acceptance regularly attempts to collect consumer debts
     alleged to be due to another.

9.   Defendant Asset Acceptance is a "debt collector" as defined by the FDCPA,
     15 U.S.C. § 1692a(6).

## III.  JURISDICTION AND VENUE

10.  Jurisdiction is conferred on this Court by 15 U.S.C. §1692k(d) and 28
     U.S.C. §1331.

2

11.   Venue in this District is proper in that the Defendant transacts business here
      and the conduct complained of occurred here.

## IV.  STATUTORY STRUCTURE

12.   The FDCPA was passed to eliminate abusive debt collection practices by
      debt collectors, to insure that those debt collectors who refrain from using
      abusive debt collection practices are not competitively disadvantaged, and to
      promote consistent State action to protect consumers against debt collection
      abuses. 15 U.S.C. § 1692.

13.   Under the FDCPA, a "consumer" is any natural person obligated or
      allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

14.   Under the FDCPA, "debt" means any obligation or alleged obligation of a
      consumer to pay money arising out of a transaction in which the money,
      property, insurance, or services which are the subject of the transaction are
      primarily for personal, family, or household purposes.  15 U.S.C. §
      1692a(5).

15.   Under the FDCPA, a "debt collector" is any person who uses any
      instrumentality of interstate commerce or the mails in any business the
      principal purpose of which is the collection of any debts, or who regularly
      collects or attempts to collect, directly or indirectly, debts owed or due or
      asserted to be owed or due to another.  15 U.S.C. § 1692a(6).

3

16.  Any debt collector who fails to comply with the provisions of the FDCPA is
     liable for any actual damage sustained, statutory damages up to $1,000,
     attorneys' fees as determined by the Court and costs of this action. 15 U.S.C.
     § 1692k.

## V.  FACTUAL ALLEGATIONS

17.  Defendant Asset Acceptance was engaged in the collection of a consumer
     purpose debt allegedly owed by the Plaintiff to Chase Bank for a consumer
     purpose credit card (hereinafter "credit card" or "debt").

18.  Plaintiff opened the credit card with Chase Bank.

19.  Upon information and belief, the Plaintiff's credit card went into default in
     June 2006.

20.  Upon information and belief, the Plaintiff's defaulted credit card account
     was assigned to Defendant Asset Acceptance.

21.  Upon information and belief, the balance on the Plaintiff's defaulted credit
     card account as of August 25, 2008 was $6,399.46.

22.  On or about September 3, 2008, Defendant Asset Acceptance mailed the
     Plaintiff an initial communication letter in an attempt to collect the debt.

23.  Defendant Asset Acceptance's September 3, 2008 letter to the Plaintiff
     stated that the balance owed on the debt was $8,308.78.

4

24.   Defendant Asset Acceptance's September 3, 2008 letter to the Plaintiff
      falsely stated that the balance owed on the debt was $8,308.78.

25.   Defendant Asset Acceptance's September 3, 2008 letter to the Plaintiff was
      deceptive, false, and/or misleading.

26.   Defendant Asset Acceptance's September 3, 2008 letter to the Plaintiff
      sought to collect an amount not owed under the contract or pursuant to state
      law.

27.   On or about November 7, 2008, Defendant Asset Acceptance mailed the
      Plaintiff a letter in an attempt to collect the debt.

28.   Defendant Asset Acceptance's November 7, 2008 letter to the Plaintiff
      stated that the balance owed on the debt was $8,517.06.

29.   Defendant Asset Acceptance's November 7, 2008 letter to the Plaintiff
      falsely stated that the balance owed on the debt was $8,517.06.

30.   Defendant Asset Acceptance's November 7, 2008 letter to the Plaintiff was
      deceptive, false, and/or misleading.

31.   Defendant Asset Acceptance's November 7, 2008 letter to the Plaintiff
      sought to collect an amount not owed under the contract or pursuant to state
      law.

32.   On or about December 31, 2008, Defendant Asset Acceptance mailed the
      Plaintiff a letter in an attempt to collect the debt.

33. Defendant Asset Acceptance's December 31, 2008 letter to the Plaintiff stated that the balance owed on the debt was $8,693.78.

34. Defendant Asset Acceptance's December 31, 2008 letter to the Plaintiff falsely stated that the balance owed on the debt was $8,693.78.

35. Defendant Asset Acceptance's December 31, 2008 letter to the Plaintiff was deceptive, false, and/or misleading.

36. Defendant Asset Acceptance's December 31, 2008 letter to the Plaintiff sought to collect an amount not owed under the contract or pursuant to state law.

37. On July 8, 2009, Defendant Asset Acceptance filed a lawsuit in the Cherokee County State Court against Mr. Matthew R. Howard in an attempt to collect the debt.

38. The July 8, 2009 Complaint filed by Asset Acceptance against Mr. Howard states that Mr. Howard is indebted to Asset Acceptance in the sum of $6,399.46 for the balance owed on the debt.

39. Plaintiff has suffered actual damages in the form of attorney's fees and costs for the defense of the action filed in the State Court of Cherokee County.

40. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, and frustration, amongst other negative emotions.

## VI. CAUSES OF ACTION

41. Defendant Asset Acceptance violated the FDCPA, 15 U.S.C. § 1692, *et seq.*

42. Defendant Asset Acceptance violated the FDCPA, 15 U.S.C. § 1692e.

43. Defendant Asset Acceptance violated the FDCPA, 15 U.S.C. § 1692e(2)(A).

44. Defendant Asset Acceptance violated the FDCPA by using false representations and/or deceptive means to collect on a debt, in violation of 15 U.S.C. § 1692e(10).

45. Defendant Asset Acceptance violated FDCPA, 15 U.S.C. § 1692f.

46. Defendant Asset Acceptance violated FDCPA, 15 U.S.C. § 1692f(1).

47. As a result of the foregoing violations of the FDCPA, Defendant Asset Acceptance is liable to the Plaintiff for actual damages, statutory damages, and attorney fees and costs in accordance with 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Matthew R. Howard prays that judgment be entered against Defendant Asset Acceptance LLC for the following:

A.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

B.   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00;

C.   Attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a); and

D.    Such other and further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all Issues.

Dated: September 16, 2009.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By:

Lisa D. Wright
Attorney for Plaintiff
Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 650
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)
attorneywright@prodigy.net